C. Eugene Fowler and Ruth S. Fowler v. Commissioner.
Fowler v. Commissioner
Docket No. 3519-64.
United States Tax Court
T.C. Memo 1966-187; 1966 Tax Ct. Memo LEXIS 97; 25 T.C.M. (CCH) 963; T.C.M. (RIA) 66187; August 10, 1966
*97 C. Eugene Fowler, pro se, 111 N. Central, Parson, Kan. Larry K. Hercules, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined a deficiency in the petitioners' income tax for 1961 in the amount of $576.80. The sole remaining issue is whether the petitioners are entitled to a deduction for an alleged loss resulting from the sale of their personal residence under the threat of condemnation by the State of Alabama. Findings of Fact Some of the facts are stipulated and are so found. Petitioners, C. Eugene Fowler and Ruth S. Fowler, husband and wife, filed a joint Federal income tax return for 1961 with the district director of internal revenue, Birmingham, Alabama. On October 15, 1951, petitioners purchased a residence at Homewood, Alabama, for $18,650, which they thereafter occupied continuously as their personal residence until 1961 when they moved to Parsons, Kansas. In 1957 or 1958 the State of Alabama, acting through its State Highway Department, condemned and took a small portion off of the back part of the lot or yard on which petitioners' residence was located. Petitioners received $2,700 by *98 reason of said condemnation and taking. During 1961 the State of Alabama commenced another condemnation proceeding against all that remained of petitioners' residence property at Homewood, Alabama, and it is stipulated that the petitioners "proceeded through appropriate channels of appeal short of going to Court" but were unable to effect any increase in the condemnation award above $17,500, which amount they then accepted in 1961 and thereupon moved their residence from the Homewood, Alabama, home to Parsons, Kansas. On their joint income tax return for 1961 petitioners reported the $17,500 condemnation award which they had received in that year and showed the adjusted basis of their residence property as $19,808.56 for a gross loss of $2,308.56, which was returned as a long-term capital loss. The aforesaid joint return contained no information showing how petitioners' cost basis had been increased from the $18,650 paid for the property in October 1951 up to the claimed 1961 adjusted basis of $19,808.56. Petitioners did not suffer any loss upon the final disposition of their residence property in Homewood, Alabama, in 1961. Opinion During the trial of this case it became *99 apparent that the petitioners did not understand the difference between "basis" [1] and the "fair market value" of the subject property. We attempted to explain such difference to petitioners but examination of their brief indicates that we were not successful. Petitioners' point of departure is that their residence was worth approximately $24,000 in 1957 or 1958 before the first condemnation award of $2,700 was received and that in 1961 the remainder of their residence property had a fair market value of approximately $21,000. They deduct the $17,500 received in 1961 from this latter figure in order to support the loss claimed on their joint return. From our findings it is obvious that petitioners reecived a total of $20,200 for their residence property in Homewood, Alabama. There is no sufficient proof any any addition to their original cost (adjustments to basis) of $18,650; consequently, petitioners had an over-all gain from said property rather than any loss. Petitioner husband testified vaguely that he had installed some new flooring in the subject property and had improved the yard with zoysia grass. However, *100 his testimony was of a very general nature and included no dates or amounts and consequently fell far short of sustaining petitioners' burden of proof. Since it is fundamental that petitioners must establish that a loss was sustained before any deductible loss can be allowed, we do not reach the question whether any loss sustained from an involuntary conversion (condemnation) of petitioners' personal residence is deductible. Decision will be entered for the respondent. Footnotes
1. Sec. 1011, et seq., I.R.C. 1954↩.